*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:  October 6, 2016                    D-59-16
_____

In the Matter of NOEL P.
   MPAKA, an Attorney.

ATTORNEY GRIEVANCE COMMITTEE
   FOR THE THIRD JUDICIAL
   DEPARTMENT,                                MEMORANDUM AND ORDER
                    Petitioner;

NOEL P. MPAKA,
                    Respondent.

(Attorney Registration No. 4337119)
_____


Calendar Date:   September 6, 2016

Before:  Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.


_____


      Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Michael G. Gaynor of counsel), for
petitioner.

      Noel P. Mpaka, Jersey City, New Jersey, respondent pro se.


_____


Per Curiam.

      Respondent was admitted to practice by this Court in 2005
and currently practices immigration law in New Jersey, where he
resides but is not admitted to practice.

      By decision dated February 23, 2012, respondent was
suspended from the practice of law for one year, upon a finding
that he practiced law before the federal immigration courts
subsequent to the loss of his own lawful immigration status;

however, his suspension was stayed upon the conditions that he maintain his lawful immigration status and not be the subject of any further disciplinary action (92 AD3d 1203 [2012]). Now, by petition of charges containing a single charge of misconduct, petitioner alleges that respondent has neglected a client's immigration matter and, in connection therewith, has made inconsistent statements to petitioner's staff and the United States Board of Immigration Appeals concerning his having been retained by the subject client. Respondent answered, admitted to the underlying misconduct and offered various factors in mitigation. The parties were furnished an opportunity to provide additional submissions in mitigation and/or aggravation; however, no further submissions have been submitted.

Now, having reviewed respondent's submission in mitigation, we find him guilty of professional misconduct as charged in the petition and as admitted by respondent. Specifically, respondent neglected a client matter, made a knowingly false statement of fact before a tribunal and engaged in fraudulent and misleading conduct prejudicial to the administration of justice that adversely reflected on his fitness as an attorney (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 3.3 [a] [1]; 8.4 [c], [d], [h]).

In mitigation, respondent expresses remorse for his misconduct. In aggravation, we note that respondent has been previously disciplined for misconduct related to his immigration law practice. Accordingly, under all of the circumstances presented, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be suspended from the practice of law for one year (see Matter of Lee, 107 AD3d 1376, 1376-1377 [2013]; see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).

Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ., concur.

ORDERED that respondent is found guilty of professional

misconduct as set forth in the petition of charges; and it is further

ORDERED that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court (see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]-[c]); and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

ENTER:

Robert D. Mayberger
Clerk of the Court